UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOSHUA B., *on behalf of Travis B.*, ) <br> ) <br>     Plaintiff              ) <br> ) <br> v.                      ) <br> ) <br> SOCIAL SECURITY          ) <br> ADMINISTRATION           ) <br> COMMISSIONER,            ) <br> ) <br>     Defendant          ) | No. 2:19-cv-00436-LEW |

## **MEMORANDUM OF DECISION**

Plaintiff Joshua B. has petitioned the Court for an award of attorney fees following his successful appeal of the Commissioner's final administrative decision on his deceased brother's claim for disability benefits under Title II of the Social Security Act. The Commissioner opposes the request on the ground that the decision was "substantially justified."

The Equal Access to Justice Act provides ones means by which a social security claimant can obtain an award of attorney fees following the successful appeal of an administrative decision. The EAJA provides, in relevant part:

> [A] court shall award to the prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In short, a claimant is entitled to an award of attorney fees when he or she has prevailing party status, the Commissioner's administrative decision was not substantially justified, and no special circumstances exist that would make an award of fees unjust.

The Commissioner argues the decision below was substantially justified. A decision is substantially justified it is "justified to a degree that could satisfy a reasonable person." *McLaughlin v. Hagel*, 767 F.3d 113, 117 (1st Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The burden is on the United States to make the requisite showing. *Id.* "Both the government's pre-litigation and litigation positions are evaluated holistically" when assessing a substantial justification challenge to an EAJA application. *Id*.

Near the conclusion of the administrative hearing, the ALJ precluded a line of questioning counsel propounded to the vocational expert related to the workplace implications of a worker's need for a "bariatric" chair. Thereafter, when counsel attempted to substantiate the vocational relevance of this line of inquiry by submitting a post-hearing affidavit from another vocational expert, the ALJ ignored the exhibit. Following judicial review, Magistrate Judge John Rich recommended that the ALJ's treatment of the issue was erroneous because the ALJ misapprehended the practical nature of workplace concerns related to an employer's need to accommodate a prospective unskilled worker by purchasing suitable bariatric chairs and whether this practicality would have a tendency to reduce the number of jobs available in the national economy. I accepted and adopted the recommendation in the absence of an objection from the Commissioner.

As explained in the Recommended Decision, the ALJ effectively prevented the claimant from challenging certain assumptions associated with the availability of work in the national economy, a matter on which the Commissioner bore the burden of proof at step 5 of the sequential evaluation process. The error was not simply a matter of a legal technicality overriding a reasonable determination; the error included both the preclusion of inquiry and the failure to discuss (or even acknowledge) supplemental evidence offered in response to the earlier preclusion. That approach to the issue was not substantially justified.[1] Accordingly, the Commissioner's opposition to the petition is overruled and the petition will be granted.

The Commissioner separately requests that any award be reduced to account for alleged errors in the hourly rate and unreasonableness in the number of hours billed. Plaintiff does not oppose a recalculation of the hourly rate, which adjustment I, therefore, will observe. Plaintiff does oppose the Commissioner's proposed conversion of some attorney time to paralegal time and a further reduction of attorney time associated with preparation for oral argument.

I agree with Judge Woodcock that there is nothing objectionable about an attorney performing tasks that a paralegal might perform and billing at the attorney rate, if for no other reason than that, in a busy office, it often happens that an attorney will perform tasks that could be performed by a paralegal simply because he or she is available and the

---

[1] These features also distinguish the presentation in this case from the presentation Judge Levy considered in the matter of *Phillip W. v. Saul*, No. 2:19-cv-00258-JDL, 2020 WL 7647472 (D. Me. Dec. 23, 2020), which did not include the problem of precluded inquiry and, instead, whether the ALJ permissibly held claimant to account for failing to comply with guidelines the ALJ set for the introduction of rebuttal evidence.

paralegal is not available when the tasks arise for someone to complete them. *Tyrrell v. Berryhill*, No. 2:16-cv-00628-JAW, 2018 WL 2933395, at *5 (D. Me. June 12, 2018). I see nothing untoward in the billing statements in this regard and overrule the objection.

The Commissioner otherwise argues the bill is inflated in the area of oral argument preparation, which included several hours of "drafting" and "revising" work after counsel had already filed Plaintiff's statement of errors. Plaintiff counsel's reply to this objection is addressed to the nature of the briefing and oral advocacy cycle in this District and untethered to the particulars of this case. Given the reply, I find the Commissioner's perspective to be the more reasonable one *in this case* and will reduce the bill by 3.9 attorney hours.[2]

By my calculation, the resulting award is as follows:

3.7 hours in 2019 at $205.25 per hour (subtotal $759.43);

16.7 hours in 2020 at $207.78 per hour (subtotal $3469.93);

1.1 hours of paralegal time at the rate of $95 per hour (subtotal $104.50).

## CONCLUSION

Plaintiff's EAJA Application for Fees (ECF No. 20) is GRANTED in the reduced amount of $4333.86.

**SO ORDERED.**

Dated this 4th day of May, 2021.

/s/ Lance E. Walker
UNITED STATES DISTRICT JUDGE

---

[2] The statement of errors, moreover, was focused on a solitary and relatively straightforward issue.

4